# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MICHAEL ALAN REED,

    Plaintiff,

vs.

JOHN R. MONROE; MATT A. DUMMERMUTH; and MARTIN J. MCLAUGHLIN,

    Defendants.

No. C09-4026-MWB

**ORDER REGARDING PLAINTIFF'S MOTION TO REMAND**

_____

On March 3, 2009, plaintiff Michael Alan Reed, acting *pro se*, filed this lawsuit in the Iowa District Court For Dickinson County against United States Attorney Matt A. Dummermuth, United Stated Department of Justice Trial Attorney John R. Monroe Dummermuth, and Assistant United States Attorney Martin J. McLaughlin. Defendants timely removed this case to federal court pursuant to 28 U.S.C. § 1442(a)(1). In response, plaintiff Michael Alan Reed has filed a *pro se* motion to remand (docket no. 8). In his motion, plaintiff Reed contends that removal from state court pursuant to § 1442(a)(1) was improper. Defendants have filed a timely resistance to plaintiff Reed's motion.

A state-court action against any person acting under the direction of an officer of the United States or its agencies can be removed to federal court pursuant to § 1442(a)(1). The purpose of § 1442(a)(1) is to permit the removal of "those actions commenced in state court that expose a federal official to potential civil liability or criminal penalty for an act performed . . . under color of office." *See Magnin v. Teledyne Cont'l Motors,* 91 F.3d 1424, 1427 (11th Cir. 1996)(internal citations omitted). The statute reflects Congress'

intent "to provide a federal forum for cases where federal officials must raise defenses arising from their official duties." *See id*. As such, § 1442(a)(1) is an exception to the well-pleaded complaint rule, which generally precludes removal where a federal question is not apparent within the four corners of the complaint. *See Mesa v. California,* 489 U.S. 121, 136-37 (1989).

Removal under § 1442(a)(1) depends on the satisfaction of two separate requirements. First, the defendant must " *advance* a 'colorable defense arising out of [his] duty to enforce federal law.'" *See Magnin,* 91 F.3d at 1427 (internal citations omitted, emphasis added). Second, the defendant must establish that the suit is for acts performed "under the color of office." This requirement is satisfied by showing "'a causal connection' between what the officer has done under asserted official authority and the action against the defendants." *See id. See also Jefferson Co. v. Acker,* 527 U.S. 423, 431 (1999)(internal citations omitted). Because defendants have made a sufficient showing on both requirements, removal was appropriate in this case. Accordingly, plaintiff Reed's *pro se* motion to remand is denied.

**IT IS SO ORDERED.**

**DATED** this 20th day of July, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA