# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# WESTERN DIVISION

MICHAEL ALAN REED,

    Plaintiff,

vs.

JOHN R. MONROE; MATT A. DUMMERMUTH; and MARTIN J. MCLAUGHLIN,

    Defendants.

No. C09-4026-MWB

**ORDER REGARDING DEFENDANTS' MOTION TO DISMISS**

_____

## I. INTRODUCTION AND BACKGROUND

On October 4, 2007, the United States ('the government") filed a complaint against Michael Alan Reed seeking to reduce to judgment tax assessments against Reed, to foreclose federal tax liens, to set aside fraudulent conveyances, and to have the proceeds of the foreclosure sales distributed. *United States v. Reed*, C07-4087-MWB (N.D. Iowa) ("The Tax case"). The government and Reed filed cross-motions for summary judgment. Reed argued that he was entitled to summary judgment because he had already provided payment to the government in the sum of $3,000,000, satisfying his outstanding tax liabilities. The government responded that defendant Reed had merely submitted "bogus 'bonds'" to United States Attorney Matt A. Dummermuth and United Stated Department of Justice Trial Attorney John R. Monroe and, therefore, he had not satisfied his federal tax liabilities. In its motion for summary judgment, the government asserted that because Reed had merely submitted bogus bonds, he had not satisfied his federal tax liabilities. On March 23, 2009, the court denied Reed's motion for summary judgment. The court

concluded that Reed's purported bonds were "works of legal fiction, neither of which constitutes a viable financial instrument or represents a recognized legal medium of exchange the tendering of which would satisfy defendant Reed's outstanding federal tax liabilities." *United States v. Reed*, C07-4087-MWB, 2009 WL 799518, *8 (N.D. Iowa Mar. 23, 2009). Accordingly, the court found that Reed had failed to satisfy his outstanding tax liabilities to the government and granted the government's motion for summary judgment.

On March 3, 2009, Reed, acting *pro se*, filed this lawsuit in the Iowa District Court For Dickinson County against Dummermuth, Monroe, and Martin J. McLaughlin, an Assistant United States Attorney. Defendants timely removed this case to federal court. In his complaint, Reed alleges that Ray Cox, a co-defendant in the Tax case, appointed Monroe to act as a fiduciary for Reed and provided him "with instructions to settle and close the" Tax case. Complaint at ¶ 2. Reed also alleges that "[a]ccompanying said appointment was a bonded commercial instrument, the inclusion of which was to facilitate Monroe's compliance with said appointment." Complaint at ¶ 3. Reed makes similar allegations against Dummermuth, but alleges that he, himself, appointed Dummermuth to act as his fiduciary and settle the Tax case. Complaint at ¶ 6. Reed alleges that Dummermuth, like Monroe, was provided with "another bonded commercial instrument" with which Dummermuth was to settle the Tax case. Complaint at ¶ 7. Reed further alleges that Dummermuth and Monroe breached their fiduciary appointments because they "failed/refused to specifically perform" their alleged fiduciary instructions. Complaint at ¶¶ 5, 9. It is further alleged that defendant McLaughlin acted in concert with Dummermuth "in an unlawful scheme to circumvent due process and intimidate the Notary

witness." Complaint at ¶ 9.[1] Reed alleges that after Dummermuth and Monroe breached their fiduciary duties to him, he sent defendants documents entitled "Default Confessions, Stipulations and Admissions" and another titled "Confession of Judgment."[2] Complaint at ¶¶ 11 and 12. He further alleges that defendants are in default to him because they have failed to respond to these documents. As a result, Reed requests the court "issue a final judgment declaring that, having failed to plead, exhibit evidence, present a specific verified response in affidavit form to the commercial process which has been completed, Respondents are in DEFAULT and have thereby agreed to be bound by same and the resultant administrative judgment evidenced herein." Complaint at p. 7.

Defendants have filed a Motion to Dismiss (docket no. 11). Specifically, the defendants' motion asserts, *inter alia*, that plaintiff Reed's complaint fails to state a claim upon which relief can be granted because it is based on fabricated documents and frivolous theories. Plaintiff Reed has filed a timely resistance to defendants' motion.

## II. LEGAL ANALYSIS

### A. *Standards For Motions To Dismiss*

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for a motion to dismiss on the basis of "failure to state a claim upon which relief can be granted."[3] In a

---

[1] The Complaint contains duplicate paragraphs numbered 8, 9, 10, and 12.

[2] These documents are attached to the Complaint.

[3] Effective December 1, 2007, Federal Rule of Civil Procedure 12 was "amended as part of the general restyling of the Civil Rules to make them more easily understood and to make style and terminology consistent throughout the rules." FED. R. CIV. P. 12, advisory committee's note. The advisory committee notes make it clear that the "changes (continued…)

3

recent decision, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), the Supreme Court revisited the standards for determining whether factual allegations are sufficient to survive a Rule 12(b)(6) motion to dismiss:

> Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Conley v. Gibson,* 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957). While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, *ibid.; Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (C.A.7 1994), a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain,* 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, see 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed.2004) (hereinafter Wright & Miller) ("[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"), on the ASSUMPTION THAT ALL THE allegations in the complaint are true (even if doubtful in fact), see, *e.g.*, *Swierkiewicz v. Sorema N.A.,* 534 U.S. 506, 508, n. 1, 122 S. Ct. 992, 152 L. Ed. 2d 1 (2002); *Neitzke v. Williams,* 490 U.S. 319, 327, 109 S. Ct. 1827, 104

---

³(…continued)
are to be stylistic only." *Id.* The stylistic changes to Rule 12(b)(6) are in fact minimal, as Rule 12(b)(6) continues to authorize a motion to dismiss "for failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). Thus, this amendment did not change the standards for a Rule 12(b)(6) motion.

> L. Ed. 2d 338 (1989) ("Rule 12(b)(6) does not countenance . . . dismissals based on a judge's disbelief of a complaint's factual allegations"); *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S. Ct. 1683, 40 L. Ed. 2d 90 (1974) (a well-pleaded complaint may proceed even if it appears "that a recovery is very remote and unlikely").

*Bell Atlantic*, 550 U.S. at 555-56 (footnote omitted). Thus, the Eighth Circuit Court of Appeals has recognized that, under *Bell Atlantic*, "To survive a motion to dismiss, a complaint must contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst v. Tabor*, ___ F.3d ___, ___, 2009 WL 1794691, *3 (8th Cir. June 25, 2009) (quoting *Bell Atlantic*, 550 U.S. at 555). To put it another way, "the complaint must allege 'only enough facts to state a claim to relief that is plausible on its face.'" *B&B Hardware, Inc. v. Hargis Indus., Inc.*, ___ F.3d ___, ___, 2009 WL 1740236, *3 (8th Cir. June 22, 2009) (quoting *Bell Atlantic*, 550 U.S. at 570).

Nevertheless, the court must still "accept as true the plaintiff's well pleaded allegations." *Parkhurst*, ___ F.3d at ___, 2009 WL 1794691 at *3 (citing *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)); *B&B Hardware, Inc.*, ___ F.3d at ___, 2008 WL 1740236 at *3 ("[W]e 'assume[ ] as true all factual allegations of the complaint'" (quoting *Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007)). The court must also still "construe the complaint liberally in the light most favorable to the plaintiff." *Eckert v. Titan Tire Corp.*, 514 F.3d 801, 806 (8th Cir. 2008) (post-*Bell Atlantic* decision). On the other hand, "[w]here the allegations show on the face of the complaint that there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is [still] appropriate." *Benton v. Merrill Lynch & Co., Inc.*, 524 F.3d 866, 870 (8th Cir. 2008) (citing *Parnes v. Gateway 2000, Inc.*, 122 F.3d 539, 546 (8th Cir. 1997), for this standard in a discussion of Rule 12(b)(6) standards in light of *Bell Atlantic*).

## B. *Analysis of Plaintiff's Claims*

Plaintiff Reed's claims against defendants Dummermuth and Monroe are for breach of fiduciary duty. To establish a breach of fiduciary duty, the plaintiff must demonstrate the following elements: (1) the defendant owed the plaintiff a fiduciary duty; (2) the defendant breached this fiduciary duty; (3) the breach of the fiduciary duty was a proximate cause of the plaintiff's damages; and (4) the amount of damages. *Top of Iowa Co-op. v. Schewe*, 149 F. Supp. 2d 709, 717 (N.D. Iowa 2001); *see also Gunderson*, 85 F. Supp. 2d at 920-21; *Shivvers v. Hertz Farm Mgmt., Inc.*, 595 N.W.2d 476, 480 (Iowa 1999) ("The existence of a fiduciary relationship necessarily assumes one of the parties has a duty to act for or to give advice for the benefit of the other upon matters within the scope of the fiduciary duty."). As this court has previously explained, the Iowa Supreme Court has defined a fiduciary duty as follows:

> "A fiduciary relationship exists between two persons when one of them is under a duty to act for or to give advice for the benefit of another upon matters within the scope of the relationship." *Kurth v. Van Horn,* 380 N.W.2d 693, 695 (Iowa 1986) (citing Restatement (Second) of Torts § 874 cmt. a (1979)). We have also noted that
>> a confidential relationship "exists when one person has gained the confidence of another and purports to act or advise with the other's interest in mind. . . . The gist of the doctrine of confidential relationship is the presence of a dominant influence under which the act is presumed to have been done. [The] [p]urpose of the doctrine is to defeat and protect betrayals of trust and abuses of confidence."
>
> *Hoffmann v. Nat'l Med. Enters., Inc.,* 442 N.W.2d 123, 125 (Iowa 1989) (quoting *Oehler v. Hoffman,* 253 Iowa 631, 113 N.W.2d 254, 256 (1962)). . . .
> . . . . [W]e are cognizant of the fact that "[b]ecause the circumstances giving rise to a fiduciary duty are so diverse,

6

> any such relationship must be evaluated on the facts and circumstances of each individual case." *Kurth,* 380 N.W.2d at 696.

*Oeltjenbrun v. CSA Investors, Inc.*, 3 F. Supp. 2d 1024, 1053 (N.D. Iowa 1998) (quoting *Wilson v. IBP, Inc.*, 558 N.W.2d 132, 138 (Iowa 1996), *cert. denied*, 522 U.S. 810, 118 S. Ct. 52, 139 L. Ed. 2d 17 (1997)); *see also Gunderson*, 85 F. Supp. 2d at 920-21 (quoting *Oeltjenbrun*); *Corcoran v. Land O'Lakes, Inc.*, 39 F. Supp. 2d 1139, 1154 (N.D. Iowa 1999) (quoting *Oeljenbrun*). These sentiments are echoed in the Iowa Model Civil Jury Instructions, which direct that

> . . . a fiduciary relationship is a relationship of trust and confidence on a subject between two persons. One of the persons is under a duty to act for or give advice to the other on that subject. Confidence is placed on one side, and domination and influence result on the other. Circumstances that may give rise to the existence of a fiduciary relationship include the acting of one person for another, the having and exercising of influence over one person by another, the placing of confidence by one person in another, the dominance of one person by another, the inequality of the parties, and the dependence of one person upon another. None of these circumstances is more important than another. . .

Iowa Model Civil Jury Instructions 3200.2 (2002); *see also Top of Iowa Co-op.*, 149 F. Supp. 2d at 718 (with regard to existence of a fiduciary relationship, instructing the jury, in part, that "[a] fiduciary relationship can therefore exist when the evidence indicates that (1) one of the parties enjoyed superior or excessive influence over the other; (2) the parties had a confidential relationship and one of the parties had greater access to facts and legal resources; or (3) there was a disparity of business experience and an invitation to the party with lesser experience to place confidence in the advice of the other party").

Here, taking the allegations in the complaint as true, the court finds that plaintiff Reed has failed to plead sufficient facts to state a claim for relief for breach of fiduciary duty. Here, construing the facts of the complaint as true, Reed and Ray Cox, a co-defendant in the Tax case, appointed Dummermuth and Monroe to act as fiduciaries for Reed in the Tax case even though Dummermuth and Monroe were at that time representing the government in that case. The complaint, however, does not allege that either Dummermuth or Monroe affirmatively undertook to represent Reed as a fiduciary after receiving the document purporting to appoint them as Reed's fiduciaries. Indeed, the complaint alleges that Dummermuth and Monroe did not respond to Reed and Cox after receiving the documents purporting to appoint them as Reed's fiduciaries. Thus, the court concludes that plaintiff Reed has failed to plead facts which would establish that defendants Dummermuth or Monroe owed plaintiff Reed a fiduciary duty. Accordingly, defendants' Motion to Dismiss is granted as to defendants Dummermuth and Monroe.[4]

---

[4] Defendants' Motion to Dismiss is also granted as to defendant McLaughlin. Regarding defendant McLaughlin, the complaint only alleges that: "As the letter to Respondent McGlaughlin [sic], dated December 22, 2008 attests, Respondent McGlaughlin [sic] became an active participant with Respondent Dummermuth in an unlawful scheme to circumvent due process and intimidate the Notary witness." Complaint at 9. Although the complaint states that a copy of the December 22, 2008, letter is attached to the complaint, no such letter is attached. Thus, with respect to defendant McLaughlin, the complaint fails to contain factual allegations sufficient 'to raise a right to relief above the speculative level. . . .'" *Parkhurst*, ___ F.3d ___, ___, 2009 WL 1794691, *3 (quoting *Bell Atlantic*, 550 U.S. at 555).

### *III. CONCLUSION*

For the reasons stated above, the court concludes that plaintiff Reed can prove no set of facts that would entitle him to relief. Therefore, defendants' motion to dismiss is **granted**.

**IT IS SO ORDERED.**

**DATED** this 22nd day of July, 2009.

_____
MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA